PROB 12B
(7/93)



**FILED**
DISTRICT COURT OF GUAM
FEB 16 2006
MARY L.M. MORAN
CLERK OF COURT

*United States District Court*

for

*District of Guam*

**Report for Modifying the Conditions or Term of Supervision**
**with Consent of the Offender**
(Probation Form 49, Waiver of Hearings is Attached)

Name of Offender **Ida Marie Aflleje**  Case Number: **CR 04-00021-001**

Name of Sentencing Judicial Officer:  John C. Coughenour

Date of Original Sentence:  August 4, 2004

Original Offense:  Theft of Government Money, in violation of 18 U.S.C. §641.

Original Sentence: 36 months probation with the following special conditions: participate in a program approved by the U.S. Probation Office for substance abuse, which may include testing to determine if the defendant has reverted to the use of drugs or alcohol. Defendant shall make co-payment to the program at a rate to be determined by the U.S. Probation office. Not incur new credit charges or open additional lines of credit without approval of the probation officer and unless she is in compliance with the restitution payment schedule; provide the probation officer with access to any requested financial information; pay a $100 special assessment fee and make restitution in the amount of $410.23 to the Naval Exchange Guam.

Type of Supervision:  Probation  Date Supervision Commenced:  August 4, 2004

**PETITIONING THE COURT**

☐ To extend the term of supervision for ___ years, for a total term of ___ years.

☒ To modify the conditions of supervision as follow

1. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, not to exceed eight drug tests per month, as directed by the probation officer.

**ORIGINAL**

Report for Modifying the
Conditions or Term of Supervision
with Consent of Offender

page 2

CAUSE

On September 2, 2005, the Ninth Circuit, in United States v. Stephens, No. 04-50170, addressed 18 U.S.C. § 3583(d) supervised release and 18 U.S.C. §3563(a)(5) probation mandatory testing conditions which requires that the district court determine the maximum number of mandatory drug tests. The Ninth Circuit held that because the statute requires the district court to determine the maximum number of drug tests under the mandatory condition, transferring this duty to the probation officer was an improper delegation of Article III judicial power. To assist the Court in determining the appropriate number of drug tests, the undersigned officer has evaluated Ida Aflleje's history of drug use, and the drug detection period of her drug of choice. As methamphetamine is the offender's drug of choice and has a normal detection period of four days or less, it is recommended that the maximum number of tests the court order per month be set at eight. This will allow for adequate time intervals between tests which will help facilitate the detection of use. It also provides for enough additional tests so that the pattern of testing will not be predictable to the offender. To address the implications of United States v. Stephens, Ninth Circuit No. 04-50170, it is respectfully requested that the Court modify Ms. Aflleje's mandatory condition to set the maximum number of tests she must submit. It is therefore recommended that the mandatory condition be modified as follows:

> "The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, not to exceed eight drug tests per month, as directed by the probation officer."

Ms. Aflleje paid the $100 special assessment fee on September 3, 2004, and paid the $410.23 restitution on December 2, 2004. She completed the substance abuse treatment program on May 24, 2005. She is employed.

Based on the information above, this Officer respectfully requests that the Court modify the conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(2) as outlined above. Attached is Probation Form 49, Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision, with Ms. Aflleje's consent to the modification.

Reviewed by:

ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

Date: 2/14/06

Respectfully submitted,

FOR: Judy Anne L. Ocampo
by: GRACE D. FLORES
U.S. Probation Officer

Date: 2/13/06

THE COURT ORDERS

[ ] No Action

[✓] The Extension of Supervision as Noted Above.

[✓] The Modification of Conditions as Noted Above.

[ ] Other    Issuance of a: [ ] Summons    [ ] Warrant

LARRY ALLAN BURNS, Designated Judge
2/15/06

RECEIVED
FEB 15 2006
DISTRICT COURT OF GUAM
HAGATNA, GUAM

PROB 49
(3/89)

# United States District Court

for

*District of Guam*

## Waiver of Hearing to Modify Conditions
## of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

1. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, not to exceed eight drug tests per month, as directed by the probation officer.

Witness: ___Grace D. Flores___    Signed: ___Ida Marie Aflleje___
U.S. Probation Officer                             Probationer or Supervised Releasee

___2/3/06___
Date